IN RE ESTATE OF CAROLINE FENSTERMACHER.
MARY C. LUDWIG, APPELLEE, v. SARAH A. BRESSLER,
APPELLANT.

FILED JUNE 15, 1918.   No. 19878.

1. **Wills: Contest: Burden of Proof.** In an action to set aside a will because of improper or undue influence exerted upon testatrix, the burden of proof is ordinarily upon contestant.

2. **Evidence** *held* to support the verdict.

APPEAL from the district court for Cuming county: ANSON A. WELCH, JUDGE. *Affirmed.*

*A. R. Davis* and *Fred S. Berry,* for appellant.

*Brome & Brome* and *F. D. Hunker, contra.*

MORRISSEY, C. J.

Appeal from a judgment admitting to probate the will of Caroline Fenstermacher, deceased. Proponent and contestant are the daughters and only heirs of testatrix. Contestant was bequeathed the sum of $5, and the remainder of testatrix's property, consisting of real estate in the city of West Point of the value of about $1,200, was bequeathed to proponent. Contestant alleges lack of mental capacity of testatrix, and, also, that the will was made by reason of improper and undue influence exerted by proponent upon the testatrix.

When the will was executed, testatrix was 85 years of age, and for several years prior to the making of the will had made her home with proponent, who was married and residing with her family in Cuming county. Contestant also was married and residing with her husband and children in Missouri. There had been no trouble between testatrix and contestant, and apparently testatrix's love and affection for one daughter was the same as for the other. Testatrix and her husband at one time were the owners of 400 acres of land in Cuming county, but prior to the execution of this will the land had been conveyed to proponent. The property herein

involved represents but a small part of the property secured by proponent from her parents, but the title to the farm land is not involved in this action. The will was executed January 8, 1915, and testatrix departed this life June 29 following.

The court instructed the jury that the burden of proof was on contestant to show the exercise of undue influence by proponent upon testatrix in inducing the execution of the will. This instruction is assigned as error, and it is said: "The court erred in not instructing the jury that the burden of proof was upon the proponent to show the absence of undue influence in the execution of the will."

Contestant cites a number of cases which hold that in transactions between parent and child the circumstances may be such as to cast upon the grantee of a deed the burden of showing that it is untainted with undue influence, imposition, or fraud, but she has cited no authority where that rule is applied to the execution of a will. The case at bar is so similar to that of *In re Estate of Dovey,* 101 Neb. 11, which is the last expression of this court on the subject, that we are constrained to follow the rule announced therein. The instruction complained of conforms to the rule there announced. There is no evidence showing undue influence, and it may be said that the only thing to suggest either undue influence or lack of mental capacity is the apparent unfairness in the division of the property. This may, however, be explained from the fact that for many years testatrix had made her home with proponent, and the property covered by the will had been their home for many years, and she may have been desirous that it remain the home of the daughter with whom she spent her declining years.

The jury were properly instructed. The verdict is sustained by the evidence, and the judgment is

AFFIRMED.

ROSE, J., not sitting.