IN RE ESTATE OF MATTHEW WILSON.      *5 0 8 · 1 1 N 9 6 1*
JOHN W. WILSON, APPELLEE, V. JOSEPH WILSON ET AL.,
APPELLANTS.

FILED MAY 25, 1926.   No. 23944.

1. Trial: INSTRUCTION. Where on the trial of a cause to a jury they are instructed to find a general verdict and also to answer special interrogatories and are instructed by the court that in case they agree upon a verdict at a time when the court is not open and ready to receive the verdict, to seal it in an envelope, place it in charge of the foreman, and that, having done so, they may separate until the reconvening of court, it is not error for the court, upon the reading of the verdict and the discovery of the failure of the jury to answer the interrogatories propounded, to direct the jury to return to the jury room and agree upon answers to the interrogatories.

2. ———: CONDUCT OF JURY. Error cannot be predicated upon the fact that in the room used by the jury during its deliberations there were law reports, with markers therein, covering cases similar in character to the case submitted to the jury, in the absence of a showing that any of these books were examined or used by a member of the jury.

3. Wills: CONTEST: BURDEN OF PROOF. "Where it is alleged that the execution of a will was procured by undue influence, the burden is upon the party alleging it to establish that the testator was induced by improper means to dispose of his property differently from what he intended." *Seebrock v. Fedawa,* 30 Neb. 424.

4. **Evidence** examined, and *held* to support the verdict.

APPEAL from the district court for Dawson county:
GEORGE C. GILLAN, JUDGE. *Affirmed.*

*N. P. McDonald, W. K. Hodgkin* and *Cook & Cook,* for appellants.

*N. M. York* and *W. A. Stewart, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

MORRISSEY, C. J.

Appellee, John W. Wilson, commenced this action in the county court for Dawson county by which he sought to probate an instrument purporting to be the last will and testament of his father, Matthew Wilson, a widower, who died January 28, 1923, at his home near Overton, Nebraska, leaving surviving him six children, namely, Joseph Wilson, John W. Wilson, Charles Wilson, Mary Wilson, Emma Moorehead and Matthew H. Wilson. By this will testator devised and bequeathed to his son Matthew H. Wilson a half section of land in Dawson county and the sum of $10,000 in cash. To each of the other children, except John W. Wilson, proponent, testator bequeathed the sum of $10,000, and the balance of the estate, which it is claimed will exceed $100,000, was devised and bequeathed to proponent.

Appellants, Mary Wilson, Emma Moorehead and Joseph Wilson, filed objections to the probate of the will. After a hearing had in the county court, the instrument was admitted to probate. On appeal to the district court, John W. Wilson filed his petition asking for the probate of the will and the three above-named contestants filed separate answers and objections. Aside from objections as to form, the substance of the respective answers is that, at the time testator made the will now sought to be probated, he was so enfeebled by long illness as to be mentally incompetent to make a will, and that the instrument was executed by

In re Estate of Wilson.

testator by reason of the undue influence exercised upon him by proponent and his brother, Matthew H. Wilson. Proponent filed a reply, in substance a general denial, to each answer. The issues were tried to a jury, which returned a verdict finding generally in favor of proponent. The will was admitted to probate.

After the jury had arrived at a general verdict, the court not then being in session, the verdict was sealed in an envelope and the jurors were permitted to separate under the instructions theretofore given by the court. When the jury were reassembled and the verdict returned into court on the following morning, it was discovered that the jury had failed to answer certain special interrogatories propounded to them by the court. The trial judge then sent the jury back to the jury room for the purpose of drafting answers to these interrogatories. It is claimed by appellants that it was error to allow the jury to separate after finding a general verdict and then reconvene to answer special interrogatories. By section 8792, Comp. St. 1922, it is made discretionary with the trial judge whether or not to allow the jury to separate before returning a final verdict, and since nothing prejudicial to contestants is shown to have resulted from the method followed in this case, this assignment of error cannot be sustained.

Appellants predicate error upon the fact that while the jurors were locked in the jury room they had access to several copies of the Nebraska reports containing marked cases involving contested wills, which volumes had been used by the court in preparing instructions. There is no showing made that any of the jurors actually read any of these reports or that they were influenced in their verdict by the presence of these books. In the absence of such a showing the assignment is without merit.

The main contention of appellants is that, since proponent, John W. Wilson, stood in a confidential relationship to testator and was by the will largely preferred, the burden of proof was upon him "to rebut the presumption of undue influence."

"Where it is alleged that the execution of a will was procured by undue influence, the burden is upon the party alleging it to establish that the testator was induced by improper means to dispose of his property differently from what he intended." *Seebrock v. Fedawa,* 30 Neb. 424. See, also, *Boggs v. Boggs,* 62 Neb. 274; *In re Estate of Dovey,* 101 Neb. 11; *In re Estate of Fenstermacher,* 102 Neb. 560; *In re Estate of Kees, ante,* p. 512; 40 Cyc. 1150.

"So also no presumption of undue influence changing the burden of proof arises from the relation of parent and child, unless circumstances indicating actual dominion are shown." 40 Cyc. 1153.

We have carefully examined the testimony adduced and find nothing to indicate any unusual circumstances which would cast the burden of proof upon proponent to show that there was no undue influence exercised. On the other hand, there was the competent testimony of the witnesses to the will, the attending physicians, and others who had known testator in his lifetime, which we think fairly shows that at the time the will was made testator was mentally capable of making a will and was free from undue influence.

Objections have been made to the rulings of the trial court on minor grounds such as usually arise on the trial of causes. These have been carefully considered, but no prejudicial error is found in any of the rulings of the court. and the evidence is found sufficient to sustain the verdict.

The judgment is

AFFIRMED.